IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERARDO ROSENDO VARGAS, JR.,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-3513** |
| | : | |
| **BERKS COUNTY CHILDREN &** | : | |
| **YOUTH SERVICES,** *et al.*, | : | |
|     Defendants. | : | |

<u>**MEMORANDUM**</u>

**GALLAGHER, J.**                                                                                   **SEPTEMBER  18, 2025**

*Pro Se* Plaintiff Gerardo Rosendo Vargas, Jr., initiated this civil action by filing a motion for injunctive relief, claiming a violation of his constitutional rights pursuant to 42 U.S.C. § 1983, and requesting this Court to overturn a state court's custody determination.  (*See* ECF No. 1.)  Although Vargas's initial filing is titled as a motion, it is styled as a Complaint and the Court will construe it as such.[1]  For the following reasons, the Court will dismiss this matter because abstention is proper under the circumstances of this case.

**I.      FACTUAL ALLEGATIONS**

The Court understands Vargas's claims to arise from an ongoing matter in the Court of Common Pleas of Berks County concerning the custody of his minor child.[2]  He names as

---

[1] Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court."  *See also McDowell v. Del. State Police*, 88 F.3d 188, 190-91 (3d Cir. 1996) (explaining that case initiating document titled "Motion for Compensation" that adequately notified defendants of the basis of the plaintiff's claims should have been treated as a complaint).

[2] The Court notes that Vargas has previously filed cases in this District regarding the custody matter.  *See, e.g., Vargas v. Berks County Children Youth Services, et al.*, Civil Action No. 24-5228; *Vargas, et al., v. Berks County Children and Youth Services, et al.*, Civil Action No. 25-0957; *Vargas v. Judge Jill M. Scheidt, et al.*, Civil Action No. 25-1748.

Defendants Berks County Children and Youth Services ("CYS") and Kinsley McKenna, an employee of CYS. (Compl. 1 at 1-2.)[3]

In May 2025, Vargas submitted to an initial drug screen as requested by CYS. (*Id.* at 3.) Vargas asserts that the result of the drug screen was negative but Defendant McKenna "misrepresented the test to the court by claiming it was positive, based solely on a faint test line." (*Id.*) According to Vargas, the test was negative per the manufacturer's guidelines. (*Id.*) He claims that "[r]ather than sending [him] to a certified testing laboratory, Ms. McKenna called a personal associate to administer the test, raising concerns about chain-of-custody and integrity of the testing process." (*Id.* at 3-4.) Based on the test results, which Vargas asserts were "false and improperly obtained," CYS initiated a custody case against him, leading to the removal of his child. (*Id.* at 4.) Vargas contends that his due process rights were violated because the state court's decision relied on "materially false and misleading evidence" and Defendant McKenna's actions constitute fraud upon the court, warranting reversal of all orders based on the drug screen. (*Id.* at 4-5.) Based on these allegations, Vargas requests this court to: enjoin Defendants from using the disputed drug test as evidence in any current or future proceedings; vacate any court orders or findings that were based on the evidence submitted by Defendant McKenna;

---

Soon after submitting his initial pleading in the instant matter, Vargas filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5), a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 6), a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 8), and a Motion for Injunctive Relief to Void or Enjoin State Court Orders on the Basis of Fraud Upon the Court and Violation of Due Process (ECF No. 10). In each of these filings, which the Court denied, Vargas sought the return of his son to his custody and/or an order enjoining enforcement of the state court orders issued in the state matter. Vargas has filed another motion on the same basis (*see* ECF No. 14), which will be denied.

[3] The Court adopts the continuous pagination assigned to the Complaint by the CM/ECF docketing system.

grant Vargas temporary custody of his son; and "order an evidentiary hearing to determine the extent of the misrepresentation and resulting harm." (*Id.* at 6.)

## II.     STANDARD OF REVIEW

The Court will grant Vargas leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Vargas is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Vargas's request for the Court to grant him custody of his son and to otherwise enjoin the state court's actions must be dismissed because this Court will not interfere in the ongoing state court custody proceedings. This Court has an obligation to abstain from considering certain types of cases pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971). *Younger*

abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Application of *Younger* abstention is appropriate in civil cases "when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603-605 (1975)). When determining whether *Younger* abstention is proper, the Court first must examine the underlying state court proceeding to determine whether it falls into one of three categories of cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013); *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020). The state court orders at issue here concern the CYS investigation and resultant custody determination, and consequently, fall within the third *Sprint* category because they were issued in furtherance of the state court's function of protecting the best interests of the child. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (observing, in the context of removal of a child, that "[f]amily relations are a traditional area of state concern."); *Silver v. Ct. of Common Pleas of Allegheny Cnty.*, 802 F. App'x 55, 58 (3d Cir. 2020) (affirming application of *Younger* abstention doctrine, where plaintiff sought to enjoin state court order governing the post-judgment conduct of attorneys and litigants, in order to protect the best interests of a child whose custody had been previously adjudicated by the state court); *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011) (*per curiam*) (affirming application of *Younger* abstention doctrine in child custody context); *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (*per curiam*) (finding *Younger* abstention doctrine required dismissal of plaintiff's

4

challenge to the enforcement of French custody orders in state court); *Mikhail v. Kahn*, 991 F. Supp.2d 596, 626-28 (E.D. Pa. 2014) (child custody proceedings are civil proceedings that fall within the third *Sprint* category and "are a strong candidate for *Younger* abstention"), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (*per curiam*).[4]

At the second stage of the *Younger* analysis, the Court must consider three factors articulated by the United States Supreme Court in *Middlesex Cty. Ethics Comm. v. Garden State Bar Assoc.*, 475 U.S. 434, 432 (1982), whether: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the state proceeding. *See Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 462-64 (3d Cir. 2019). Vargas's request for relief satisfies each of these requirements. First, Vargas's filings, which consistently request this court to intervene in the state court, demonstrate that there was an ongoing dependency proceeding that was pending in state court when he filed this action in federal court. *See Lazaridis*, 591 F.3d at 670 (finding first *Middlesex* prong satisfied because state court action was pending when Lazaridis filed his federal complaint); *Shallenberger*, 2020 WL 1465853, at *8 (finding that *Younger* applied, where plaintiff sought intervention in state proceedings after her parental rights were terminated: "the termination of parental rights was just one aspect of the state-court proceedings. Even though Ms. Metzger's rights have been terminated, the proceedings remain pending as to the adoption of

---

[4] Some courts have found custody matters initiated by the government to fall into either the second and/or third *Sprint* categories. *See, e.g., Shallenberger v. Allegheny Cnty.*, No. 20-0073, 2020 WL 1465853, at *7 (W.D. Pa. Mar. 26, 2020) (finding state court proceedings concerning contested termination of parental rights and associated adoption fall into the second Sprint category because, *inter alia*, state proceedings were initiated by the government after an investigation by Allegheny County Children and Youth Services, and also fall into the third Sprint category because the state court orders regarding termination of parental rights and adoption "are unique to the state court's authority and obligation to ensure custody decisions in the best interests of the children"); *Sullivan v. Tirrell*, No. 24-10958, 2025 WL 1453266, at *3 (D.N.J. May 21, 2025) ("Child welfare proceedings are akin to criminal prosecutions.").

the children. State law requires, as a pre-condition to the adoption, the termination of the natural parents' rights; but they are all part of the same ongoing matter"); *see also Nellom v. Ambrose*, No. 22-1283, 2022 WL 4120265, at *2 (E.D. Pa. Sept. 9, 2022) ("By their nature child custody proceedings are viewed as a whole, rather than as discrete hearings and decisions." (citations omitted)). Second, child custody proceedings implicate important state interests. *See Lazaridis*, 591 F.3d at 671 (finding state custody proceeding implicated important state interests); *Wattie-Bey*, 424 F. App'x at 97 (observing that "[f]amily relations are a traditional area of state concern" (citing *Moore*, 442 U.S. at 435)). Third, Vargas does not appear to be unable to raise his constitutional claims and obtain relief in the state proceedings. *See Lazaridis*, 591 F.3d at 670-71 (explaining that *Younger* requires only an opportunity to present federal claims in state court, and the burden rests with plaintiff to show that state procedural law bars presentation of the claims); *Rosellini v. Wilcox*, No. 22-2610, 2025 WL 401206, at *3 (3d Cir. Feb. 5, 2025) ("When assessing whether a federal plaintiff has an adequate opportunity to raise his constitutional claims, the proper inquiry is whether state law clearly bars the interposition of the constitutional claims." (cleaned up)).

  A district court should not abstain, even when the legal requirements for *Younger* abstention are present, if the plaintiff shows that "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." *Rosellini*, 2025 WL 401206, at *4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) and *Middlesex*, 457 U.S. at 435)); *see also Younger*, 401 U.S. at 46, 53-54. The bad faith exception applies "[o]nly in cases of proven harassment or prosecutions undertaken by state officials . . . without hope" of success. *Rosellini*, 2025 WL 401206, at *4

(citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Thus, these exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)). While Vargas suggests that Defendants have acted with intention to interfere with the custody of his child, he has not plausibly pled that Defendants have acted in bad faith or for purposes of harassment, or some other extraordinary circumstances exist. *See Stagliano v. Coll*, No. 22-2691, 2023 WL 3943732, at *4 (3d Cir. June 12, 2023) (*per curiam*) (affirming application of *Younger* doctrine where plaintiff failed to plausibly plead that the state proceedings were being undertaken in bad faith or for purposes of harassment, or some other extraordinary circumstances existed); *Kelly v. Swartz*, No. 21-3198, 2023 WL 3018282, at *3 (3d Cir. Apr. 20, 2023) (affirming application of *Younger* abstention where plaintiff failed to support adequately her claim of bad faith, harassment, or extraordinary circumstances and "merely present[ed] conclusory statements"); *Jones v. Sizemore*, No. 24-1733, 2025 WL 1134876, at *2 (W.D. Pa. Apr. 17, 2025) (allegations of child abuse in foster care did not warrant use of the extraordinary-circumstances exception).

## IV. CONCLUSION

For the reasons stated, the Court will abstain from interfering in the state court custody proceeding as requested by Vargas. Accordingly, his claims will be dismissed without prejudice.[5] *See Borowski v. Kean Univ.*, 68 F.4th 844, 850 (3d Cir. 2023) ("If the claims in such

---

[5] It bears noting that a plaintiff may not file a federal complaint as a substitute for a state court appeal of a state trial court judgment. As the United States Court of Appeals for the Third Circuit explained, "[t]o the extent . . . [the plaintiff] sought to appeal the municipal court's decision, he chose the wrong route." *Hatchigian v. Powertrain Prods. Inc.*, No. 22-2945, 2023 WL 4311607, at *1 n.1 (3d Cir. July 3, 2023) (citing 42 Pa. C.S. § 932; Phila. Civ. R. 1001(c)(1); *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970) ("[L]ower federal courts possess no power whatever to sit in direct review of state-court decisions."); *Adelphia Gateway, LLC v. Penn. Env't Hearing Bd.*, 62 F.4th 819, 828 (3d. Cir. 2023) ("When a party has its day in state court and loses, it is not permitted a do-over in federal

a federal suit [*i.e.*, one subject to abstention] are only for injunctive or declaratory relief, then despite a virtually unflagging obligation to hear and decide cases within its limited jurisdiction, a federal court must dismiss the case." (cleaned up)); *see also Eldakroury v. Att'y Gen. of N.J.*, 601 F. App'x 156, 158 (3d Cir. 2015) (where district court abstained under *Younger*, "vacat[ing] the District Court's dismissal of this case with prejudice and direct[ing] that dismissal be entered without prejudice").  Leave to amend will not be given, as amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER,  J.**

---

court.  Were it otherwise, state court decisions would lack finality, litigation expenses would balloon, and lower federal courts would sit as quasi-courts of appeals over state courts.")).